UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES D. HOCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-1345 |
| | ) |
| R.Z. & ASSOCIATES, LLP, | ) |
| Z.Z. & ASSOCIATES, PLLC, and | ) |
| DAVID ZIGO, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff's Motion [11] to Remand. For the reasons set forth below, Plaintiff's Motion [11] is GRANTED, Plaintiff's Request for Fees is DENIED, and Defendants' Motion [6] to Dismiss is MOOT.

### BACKGROUND

On August 11, 2016, Plaintiff James Hocker filed a Complaint against Defendants R.Z. & Associates, LLP ("RZ"), Z.Z. & Associates, PLLC ("ZZ"), and David Zigo ("Zigo") in the Circuit Court of the Ninth Judicial Circuit in Fulton County, Illinois. RZ was a Missouri limited liability partnership; ZZ is a Texas professional limited liability company. Zigo was a partner in RZ and is a member of ZZ. Count 1 of the Complaint states a claim for breach of a promissory note against Defendants RZ and ZZ. Count 2 states a claim for breach of a promissory note against Defendant Zigo. Defendants were served with the Complaint on August 15, 2016, and filed a Notice of Removal in this Court 30 days later, on September 14, 2016. ECF Doc. 1. Defendants filed a Motion to Dismiss on September 20, 2016, and Plaintiff filed a Motion to Remand on October 3, 2016. See ECF Docs. 6, 11.

The following facts are culled from Plaintiff's Complaint and the attached exhibits. Plaintiff Hocker and Robert Fitzjarrald were shareholders and owners of Hocker & Fitzjarrald, P.C., an accounting firm located in Canton, Illinois. On October 1, 2015, Plaintiff retired and sold his share of the firm to Joshua Richardson. Thereafter, the firm was known as Hocker, Fitzjarrald & Richardson, P.C. On January 1, 2015, the firm decided to sell certain clients to RZ, who was opening a new office in Canton. In his Complaint, Plaintiff states that he and Fitzjarrald ("Sellers") entered into a written Agreement for Purchase and Sale of Tax and Audit Clients ("Agreement") to sell certain tax and audit clients to RZ and ZZ ("Buyers"). Buyers made a $15,000 down payment on the date of closing, and Zigo, as Authorized Officer for the Buyers, executed a Promissory Note promising to pay Hocker (individually) the principal amount of $149,480 plus interest. The Note was secured by RZ and ZZ's accounts receivable and evidenced in UCC financing statements perfecting Plaintiff's security interest in Missouri, Illinois, and Texas. The Agreement and Note required Buyers to make quarterly payments, beginning on April 30, 2015, of 15% of the previous three months' revenues collected from the clients purchased under the Agreement. The Note also contained a choice-of-law provision and a forum selection clause, providing that:

> This Note and the obligations of the MAKER shall be governed by and construed in accordance with the law of the State of Illinois. The parties hereto agree that any legal action or proceeding with respect to this Note shall be brought in the Circuit Court of the Ninth Judicial Circuit, Fulton County, Illinois, and that this Note shall be deemed to have been made in Fulton County, Illinois, for the purpose of any legal action or proceeding. The Circuit Court of Fulton County, Illinois, shall be the sole jurisdiction and venue for the resolution of any such disputes hereunder.

ECF Doc. 12-2, at 3–4.

The Note contained nine "Events of Default," that would make the outstanding balance on the Note become immediately due and payable upon demand. Buyers triggered one of the

Events of Default by failing to make the required payment on the Note in October 2015. On March 23, 2016, Sellers sent a Notice of Default to the addresses of RZ and ZZ, but the Notice was returned undelivered. On April 12, 2016, Sellers sent a second Notice, which was successfully served on Zigo and Michael Kohn, Registered Agent for RZ. After Buyers failed to cure the defaults within 30 days, Plaintiff sent a letter to Zigo, on behalf of the Buyers, requesting the full amount due. As of August 11, 2016, the principal balance of $147,147.32 plus interest in the amount of $3,575.55 remains due.

Plaintiff's Complaint also asserts an alternative claim for relief against Zigo individually for breach of the Note. RZ was administratively dissolved for failing to file their renewal application when it became due in December 2014. The liquidation, dissolution, or cessation of RZ or ZZ constituted an Event of Default under the terms of the Note. On May 14, 2015, Zigo applied for the registration of B.R.Z. & Associates, LLP ("BRZ"), a Missouri limited liability partnership. On June 1, 2016, BRZ was also administratively dissolved for failing to file a renewal application. Plaintiff alleges, upon information and belief, that Zigo's trend of registering LLPs and letting them fall into administrative dissolution shows that the companies were merely a façade for Zigo. Plaintiff further alleges that Zigo controls, owns, manages and oversees RZ, ZZ, and BRZ, and there is a unity of ownership and interest such that the separate personalities of the entities no long exist. Plaintiff also claims that the clients and accounts receivable of RZ and ZZ are now owned or utilized by BRZ.

Plaintiff's Motion argues that this action should be remanded because: (1) the forum selection clause in the Note mandated that disputes be resolved in the Fulton County state court; (2) RZ and ZZ waived their right to removal; (3) the forum selection clause is enforceable against Zigo because of his close relationship with RZ and ZZ; and (4) Defendants should be

responsible for costs and attorney's fees incurred as a result of the removal. Defendants' Response opposes remand because: (a) Defendants timely and properly removed; (b) Zigo disputes personal jurisdiction over him by an Illinois court; (c) Zigo was not a party to the agreement that forms the basis of Plaintiff's claims; and (d) Defendants dispute voluntarily waiving any rights by virtue of the forum selection clause and contend that they were fraudulently induced into executing the Note by Plaintiff.

## LEGAL STANDARD

Subject to certain limitations, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1332(a) confers jurisdiction upon district courts to hear state law claims when complete diversity of citizenship exists between the parties and the matter in controversy exceeds $75,000. "While § 1332 allows plaintiffs to invoke diversity jurisdiction, § 1441 gives defendants a corresponding opportunity." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Even though both § 1332 and § 1441 allow parties to invoke a federal court's diversity jurisdiction, "[t]he scales are not evenly balanced." *Id*. at 89-90. For example, an in-state plaintiff may use § 1332 to establish diversity jurisdiction, but § 1441(b) bars defendants from removing an action to federal court on the basis of diversity if they are citizens of the state in which the action is brought. *Id*. at 90. Additionally, § 1446 places several procedural restrictions on removal. See 28 U.S.C. § 1446.

First, § 1446 requires that "[a] defendant or defendant desiring to remove any civil action from a State court shall file in the district court … a notice of removal … containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and

orders served upon such defendant or defendants in such action." Section 1446(b)(1) sets forth the time requirements for filing the notice of removal—the earlier of 30 days after receipt by the defendant of the initial pleading, or 30 days after the service of summons. Section 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." After a case is removed to federal court, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c). The burden rests with the defendant to show that removal was proper. *Lincoln Prop. Co.*, 546 U.S. at 89.

## ANALYSIS

*(1) RZ and ZZ Waived the Right to Remove or Consent to Removal*

Under Illinois law, "[a] forum section clause in a contract is *prima facie* valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." *IFC Credit Corp. v. Aliano Bros. General Contractors, Inc.*, 437 F.3d 606, 611 (7th Cir. 2006) (quoting *Calanca v. D & S Mfg. Co.*, 157 Ill. App. 3d 85, 109 Ill. Dec. 400, 510 N.E.2d 21, 23 (1987)). "[E]ven in a contract between a business firm and a consumer, but *a fortiori* in a contract between two business firms, a forum selection clause is enforceable to the same extent as the usual terms of a contract, which mainly means unless it was procured by fraud or related misconduct." *Id*. at 610. Under the terms of the Note, RZ and ZZ agreed that:

> The parties hereto agree that any legal action or proceeding with respect to this Note shall be brought in the Circuit Court of the Ninth Judicial Circuit, Fulton County, Illinois … The Circuit Court of Fulton County, Illinois, shall be the sole jurisdiction and venue for the resolution of any such disputes hereunder.
>
> ECF Doc. 12-2, at 3–4.

The forum selection clause at issue here required disputes regarding the Note to be brought and resolved in the Fulton County state court. The choice of forum was reasonable: Plaintiff and his accounting firm were located in Fulton County, and RZ opened an accounting office there to service the clients purchased from Plaintiff's firm. Defendants' Response states that they "dispute voluntarily waiving any rights by virtue of the forum selection clause and contend that they were fraudulently induced into executing the Note by Plaintiff," but offer no support for that assertion. Because RZ and ZZ have not shown that "enforcement would be unreasonable under the circumstances," the forum selection clause is enforceable against them. *IFC Credit Corp.*, 437 F.3d at 611. In other words, RZ and ZZ contractually waived their right to remove this action.

Recall that § 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, RZ and ZZ contracted away their right to remove, but Zigo was not a signatory to that agreement. Can RZ and ZZ, who waived their right to remove, nevertheless consent to another defendant's removal? The answer depends on whether RZ and ZZ "clearly and unequivocally waived" that right. See *Cont'l Cas. Co. v. LaSalle Re Ltd.*, 500 F. Supp. 2d 991, 995 (N.D. Ill. 2007). If the agreement merely stated that "[t]he parties hereto agree that any legal action or proceeding with respect to this Note shall be *brought* in the Circuit Court of the Ninth Judicial Circuit, Fulton County, Illinois," RZ and ZZ would have a strong argument that they did not waive the right to remove. However, the forum selection clause also states that "[t]he Circuit Court of Fulton County, Illinois, shall be the sole jurisdiction and venue for the *resolution* of any such disputes hereunder." This language evinces a clear and unequivocal agreement by RZ and ZZ—all legal disputes over the Note must be brought in, and resolved, by the Fulton County state court. Thus, by consenting to another's

removal, RZ and ZZ violated not only the spirit, but also the letter of the forum selection clause. See *Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1058 (D. Minn. 2008) (enforcing forum selection clause against non-signatory defendant in action removed from state court). Because RZ and ZZ agreed to bring and resolve all disputes over the Note in the Fulton County state court, they could not consent to removal by Zigo. Therefore, remand is proper because less than all Defendants joined in or consented to the removal under § 1446(b)(2)(A).

*(2) Zigo is Bound by the Forum Selection Clause Because he is Closely Related to the Suit*

As a general rule, "the test for whether a nonparty to a contract containing [a forum selection] clause can nonetheless enforce it (and whether the nonparty will be bound by the clause if, instead of suing, it is sued) is whether the nonparty is 'closely related' to the suit. *Adams v. Raintree Vacation Exchange, LLC*, 702 F.3d 436, 439 (7th Cir. 2012); see also *Solargenix Energy, LLC v. Acciona, S.A.*, 2014 Ill. App 123403, 17 N.E.3d 171, 186 (1st Dist. 2014) ("[A] court may exercise personal jurisdiction over a defendant by enforcing a forum selection clause against it, even though it was not a signatory to the contract containing the clause, where it was closely related to the dispute such that it became foreseeable that the non-signatory would be bound, regardless of whether the non-signatory is a defendant or a plaintiff in the subject litigation."). In *Adams*, the Seventh Circuit found that "affiliation" and "mutuality" determined whether a forum selection clause may be enforced by, or against, a non-signatory. *Id*. Relevant here is the principal of mutuality: if a signatory can enforce the forum selection clause against a non-signatory, the non-signatory should be allowed to do the same. *United Airlines, Inc. v. Zaman*, 152 F. Supp. 3d 1041, 1054 (N.D. Ill. 2015). Thus, as the Seventh Circuit explained in *Adams*:

> So the plaintiffs, because they alleged that Starwood (together with Raintree, by virtue of the conspiracy) controlled DTR, could have held Starwood to the forum

7

> selection clause had they wanted to sue in Mexico—and from this it follows that Starwood can hold the plaintiffs to the clause in the opposite situation and thus defend the suit in Mexico. Were it not for this principle of mutuality, the plaintiffs would have a choice of forums, and Starwood would not; and that could not have been the intention behind a clause that makes Mexico the exclusive forum irrespective of the parties' domiciles. All Starwood is doing in invoking the forum selection clause to which it is not a party is accepting one of the premises of the plaintiff's suit—that DTR is indeed simply a cat's paw of Starwood—and pointing out that the implication is that the timeshare contracts, including the forum selection clause, are really between the plaintiffs and Starwood.

*Adams*, 702 F.3d at 443.

*Adams* also acknowledged that "[p]iercing the veil remains a possible ground for enforcing a forum selection clause against a party's affiliate … if for example the corporation that signed the contract containing the clause was a mere shell; but it is not the only ground." 702 F.3d at 441.

Here, Plaintiff's Complaint alleges that RZ and ZZ were really a shell for Zigo—he was a partner or member in both businesses, he signed the Agreement and Note on behalf of RZ and ZZ, he controlled, owned, and managed each, and there was a unity of ownership and interest such that the separate personalities of the entities no longer existed. Plaintiff also alleges that Zigo's trend of registering LLPs and letting them fall into administrative dissolution indicates that the companies were acting on behalf of Zigo, not the other way around. Thus, Zigo is "closely related" to the dispute. And like the Starwood defendant in *Adams*, Zigo could have held Plaintiff to the forum selection clause had Plaintiff sued Zigo for breach of the Note in any other court. *Adams*, 702 F.3d at 443 ("All [Starwood] is doing in invoking the forum selection clause to which it is not a party is accepting one of the premises of the plaintiff's suit—that [DTR is] indeed simply [a] cat's paw of [Starwood] …"). Under the principal of mutuality, it follows that Plaintiff may hold Zigo to the forum selection clause as well.

In sum, Defendants' removal was improper because RZ and ZZ waived their right to remove or consent to another's removal under the terms of the Note. Thus, not all Defendants

joined in or consented to removal, as required under § 1446(b)(2). Additionally, Defendants' removal was improper because Zigo is so closely related to the dispute that he is bound by the forum selection clause under the principal of mutuality. All that remains to be addressed is Plaintiff's request for costs and fees. Under § 1447(c), "[a]n order remanding the case may require just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005), the Supreme Court held that plaintiffs are entitled to attorneys' fees under § 1447(c) if the defendant "lacked an objectively reasonable basis for seeking removal," i.e., when clearly established law foreclosed removal. Here, removal by RZ and ZZ alone would have entitled Plaintiff to fees. However, because Zigo was not a signatory to the Agreement and Note, the Court does not find that clearly established law foreclosed Defendants' basis for removal. Accordingly, Plaintiff's request for attorneys' fees and costs is denied.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion [11] to Remand is GRANTED, Plaintiff's Request for Fees is DENIED, and Defendants' Motion [6] to Dismiss is MOOT. This action is remanded to the Circuit Court of the Ninth Judicial Circuit in Fulton County, Illinois. This matter is now terminated.

Signed on this 25th day of January, 2017.

s/ James E. Shadid<br>
James E. Shadid<br>
Chief United States District Judge